HARRISON vs. THE BANK OF ILLINOIS.

1. Where a judgment of non-suit is rendered against a party, and no exception to that judgment is taken, it will be presumed that the non-suit was voluntarily taken, and it will not be set aside.

APPEAL from St. Louis Court of Common Pleas.

LEONARD & BAY, for Appellant.

Harrison vs. The Bank of Illinois.

POINTS AND AUTHORITIES.

1. The court of common pleas had no power to enter judgment of non-suit, after the cause was submitted to court.' R. S. of 1835, title "Practice at Law," art 4th, sec. 24.

2. The appellant proved all that it was incumbent on him to prove, in order to maintain his action on the draft.

3. The draft, though not a bill of exchange within the meaning of our statute, is still admissible in evidence under the money counts.

GEYER & DAYTON, for Appellee.

The appellee insists that there is no error in the judgment of the court below, and relies upon the following points :

*First.* In relation to the $100 bill, that there could be no recovery on account of that for the following reasons :

1st. There was no proof of authority on the part of Ridgely and Mather to sign that bill, so as to bind the bank.

2d. There was no proof of demand, and refusal of payment at the bank.

3d. There was no proof that the plaintiff was owner of the bill at the commencement of this suit.

*Second.* In relation to the draft. First, that there could be no recovery upon that under the special count.

1st. Because the draft was not a negotiable instrument.

2d. Because there was no consideration alleged in the special count, or proven for the promise set up in that count.

3d. Because that count contained no averments of the value of current bank notes.

4th. Because allegations of that count were not proven.

TOMPKINS, J., delivered the opinion of the court.

James Harrison brought his action of assumpsit in the court of common pleas of St. Louis county against the State Bank of Illinois, and that court having given judgment against him, he appealed to this court.

On the trial of the cause, much evidence was given. After the evidence was closed, the cause, as appears from the bill of exceptions, "was submitted to the court, who thereupon gave judgment of non-suit." The plaintiff then moved to set aside the judgment of non-suit:

11

his motion was overruled, and he excepted to the decision of the court overruling his motion. As the plaintiff did not except to the decision of the court when it gave judgment of non-suit against him, it must be supposed that he voluntarily submitted to a non-suit. He moved afterwards to set aside this non-suit, and the court overruled his motion. Had the plaintiff excepted to the decision of the court giving judgment of non-suit, this court would have reversed the judgment of the court of common pleas, as was done in the case of Welles vs. Gaty et al, decided at the last term of this court, and of Clark vs. Steamboat Mound City, and Perrin vs. Wilson, decided at the present term. But as the plaintiff did not take his exception to that decision of the court of common pleas, the non-suit must be supposed to have been voluntary, and consequently the judgment of that court must be affirmed.